**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT ZLAHN,

Petitioner

v.

JOHN MATTOS, et al.,

Respondents

Case No. 2:26-cv-00183-APG-MDC

**Order (1) Denying Amended Petition for Writ of Habeas Corpus, (2) Granting Respondents' Motion to Dismiss, and (3) Granting Motion for Extension**

[ECF Nos. 21, 22, 29]

Petitioner Robert Zlahn entered the United States as a refugee in 2003. ECF No. 21-1 at 2. The government identifies him as a citizen of Liberia, but he denies this and alleges he is stateless. ECF Nos. 21 at 2; 22-2 at 2, 6; 21 at 2-3. In 2012, Zlahn was convicted of assault with a weapon, criminal endangerment, and tampering with or fabricating physical evidence under Montana law. ECF No. 22-2 at 18-20. That same year, he was also convicted under Montana law for criminal possession of dangerous drugs (felony) for heroin possession and criminal possession of dangerous drugs (misdemeanor) for marijuana possession. *Id.* at 40-46. Zlahn was sentenced to 20 years in prison for his assault with a weapon conviction. *Id.* at 11.

The government issued Zlahn a notice to appear on August 19, 2025 that informed him he was removable based on 8 U.S.C. § 1227(a)(2)(B)(i)[1] and § 1227(a)(2)(A)(iii).[2] ECF No. 21-1 at 2-3. On November 24, 2025, an immigration judge (IJ) denied Zlahn a bond hearing because he had been convicted of an aggravated felony. ECF No. 23 at 24-25. The IJ also ordered Zlahn

[1] "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."

[2] "Any alien who is convicted of an aggravated felony at any time after admission is deportable."

removed to Liberia. *Id.* at 33; ECF No. 21-2 at 2. Zlahn filed an appeal with the Board of Immigration Appeals (BIA), which is pending. ECF No. 22-3.

Zlahn filed this amended petition for a writ of habeas corpus, seeking his immediate release or an individualized bond hearing. He claims that his mandatory detention pending removal proceedings is unlawful because his Montana conviction for assault with a weapon is not an aggravated felony. He also argues that the prospect of his prolonged detention pending removal and the possibility that he could be removed to a third country are constitutionally and statutorily prohibited.

The government moves to dismiss Zlahn's petition, arguing that I lack jurisdiction to decide whether Zlahn's detention is unlawful because that question is intertwined with the IJ's decision to remove him. The government also argues that Zlahn has failed to exhaust administrative remedies and that his claims related to detention and third country removal following a final removal order are not ripe because he does not yet have a final order of removal.

I deny Zlahn's amended petition and grant the government's motion to dismiss because I lack jurisdiction to consider whether Zlahn's assault with a weapon conviction is an aggravated felony as that is the same ground on which the IJ ordered Zlahn removed. Zlahn's remaining claims are premature, but I caution the government that it may not remove Zlahn to a third country without due process.

## I. DISCUSSION

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

**A. I lack jurisdiction to hear Zlahn's claim that he is unlawfully detained for being convicted of an aggravated felony.**

Zlahn challenges his detention, arguing that the IJ erred in concluding that his Montana conviction for assault with a weapon is an aggravated felony. The government contends that assault with a weapon is a crime of violence and thus an aggravated felony and, regardless, I lack jurisdiction over Zlahn's claim under 8 U.S.C. § 1252 because his removal determination is based on his aggravated felony conviction. The government thus argues that Zlahn's habeas corpus petition is an indirect challenge to the IJ's removal order. Zlahn responds that he is not challenging removal, only his mandatory detention based on the IJ's determination that he committed an aggravated felony.

Section 1252 effectively limits a noncitizen "to one bite of the apple with regard to challenging an order of removal." *Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007)

(simplified). Section 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005), *abrogated on other grounds by Lemus-Escobar v. Bondi*, 158 F.4th 944 (9th Cir. 2025) (quotation omitted) (noting that under a 2005 amendment to § 1252, a petition for review (PFR) in the court of appeals "is now the exclusive means for challenging final removal orders by the BIA, except those issued pursuant to 8 U.S.C. § 1225(b)(1)"). Thus, habeas "claims that indirectly challenge a removal order" are prohibited. *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012). A noncitizen's claim is prohibited by § 1252(a)(5) if it "challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal." *Id.* at 623 (quotation omitted).

Section 1252(b)(9) is a "zipper clause that consolidates all questions of law and fact arising from any action taken or proceeding brought to remove an alien into a petition for review." *Id.* at 622 (simplified). "Taken together, § 1252(a)(5) and § 1252(b)(9) mean that any issue—whether legal or factual—arising from any removal-related activity can be reviewed only through the PFR process." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis omitted).

The "arising from" language in § 1252(b)(9) appears broad, but the Supreme Court has cautioned against an "expansive" interpretation of § 1252 that would lead to "absurd" results and make certain claims "effectively unreviewable." *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018). The Ninth Circuit has held that § 1252(b)(9) and § 1252(a)(5) do not bar claims that are independent of or collateral to the removal process. *J.E.F.M.*, 837 F.3d at 1032 ("[C]laims that are independent of or collateral to the removal process do not fall within the scope of

§ 1252(b)(9)."); *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011), *abrogated on other grounds by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) (Section 1252(a)(5) was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" (quoting H.R. Rep. No. 109-72 at 175)). Accordingly, as a general rule, noncitizens "may continue to bring collateral legal challenges to the Attorney General's detention authority through a petition for habeas corpus." *Holder*, 638 F.3d at 1211 (simplified). The determination of whether a case raises independent claims or indirectly challenges a removal order requires "a case-by-case inquiry turning on a practical analysis." *Id.* The "distinction between an independent claim and indirect challenge will turn on the substance of the relief that a plaintiff is seeking." *Martinez*, 704 F.3d at 622 (quotation omitted).

Zlahn's removal and mandatory detention during removal proceedings are based on the same ground: he was convicted of an aggravated felony.[3] ECF Nos. 21-2; 22-2 at 18-20; 23 at 23-36. Although the IJ did not cite the statutory provision mandating detention, he presumably was referring to 8 U.S.C. § 1226(c)(1)(B), which states that the "Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in" § 1227(a)(2)(A)(iii). Section 1227(a)(2)(A)(iii) states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." Thus, by arguing that his Montana conviction for assault with a weapon is not an aggravated felony, Zlahn is challenging both his detention and the basis for the IJ's removal order. Zlahn frames his argument as challenging only his detention. But "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal, it is prohibited by section 1252(a)(5)." *Martinez*, 704 F.3d at 623 (quotation omitted).

[3] Zlahn concedes that the bases for his detention and removal are the same. ECF No. 28 at 5 n.1.

The Ninth Circuit has explicitly held that challenging whether a conviction is an aggravated felony is intertwined with the merits of a removal order, regardless of how the petitioner characterizes the argument:

> Although as a technical matter [the petitioner's] habeas petition seeks relief from immigration detention without asking the court to exercise jurisdiction over his final order of removal, this portion of his habeas petition is wholly intertwined with the merits of his removal order. [The petitioner] makes the same argument in his habeas petition as he makes in his petition for review—that he is not removable because his convictions do not qualify as aggravated felonies under 8 U.S.C. § 1101(a)(43)(G). Because this portion of his habeas petition does nothing more than attack the IJ's removal order, we lack jurisdiction to review it other than on a petition for review.

*Holder*, 638 F.3d at 1211 (simplified). Zlahn makes the same argument as the petitioner in *Holder*: that his conviction does not qualify as an aggravated felony.[4] That argument "is wholly intertwined with the merits of his removal order" and "attack[s] the IJ's removal order." *Id.* (quotation omitted). I therefore lack jurisdiction to consider Zlahn's claim under § 1252.

**B. I deny Zlahn's remaining claims as premature but caution the government that it must provide Zlahn with due process before removing him to a third country.**

The IJ ordered Zlahn removed to Liberia. Zlahn contends that he may face indefinite detention once his order of removal is final and that the government may attempt to remove him to a third country. Under *Zadvydas*, Zlahn's indefinite detention claim is premature because he does not have a final order of removal. Zlahn concedes that this claim is not yet ripe. ECF No. 21 at 14.[5] I therefore deny Zlahn's indefinite detention claim without prejudice.

---

[4] If Zlahn believes that he is not covered by § 1226(c), he may ask for a *Joseph* hearing. *See Matter of Joseph,* 22 I. & N. Dec. 799 (BIA 1999); 8 C.F.R. § 1003.19(h)(2). At the hearing, a petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Demore*, 538 U.S. at 514 n.3.

[5] In his response to the government's motion to dismiss, Zlahn states that the date of "the final immigration removal order" was November 24, 2025. ECF No. 28 at 5-6. But that was the date

Zlahn's claim regarding third country removal is also premature because there is no final order of removal and no indication that the government is trying to remove Zlahn to a third country. However, I have previously ruled that if the government attempts to remove a noncitizen to a third country, it must comply with the due process requirements of notice and a reasonable opportunity to be heard before a third country removal can be effectuated. *Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763, at *4 (D. Nev. Apr. 22, 2026) (collecting cases). The government must provide "written notice of the country being designated" and "the statutory basis for the designation." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019). Additionally, the government must ask the noncitizen whether he fears persecution or harm upon removal to the third country, and his response must be memorialized in a writing signed by the noncitizen. *Id.* "If the noncitizen expresses a fear of persecution or harm, DHS must inform the noncitizen that he or she may seek asylum, withholding, and relief under the CAT by filing a motion to reopen with the immigration courts." *Id.* Finally, the government must give the noncitizen "adequate time to prepare and file a motion to reopen in order to challenge DHS's country designation and/or apply for asylum, withholding, and relief under the CAT." *Id.* at 1020; *see also A.A.M. v. Andrews*, 815 F. Supp. 3d. 1124, 1138 (E.D. Cal. Dec. 4, 2025) (concluding the petitioner was likely to succeed on the merits because "due process requires Petitioner be provided an opportunity to have his fear-based claims for removal to [a third country] considered by an immigration judge").

---

the IJ ordered Zlahn's removal, not the date of the BIA decision, which would be his final order of removal. ECF No. 21-2. The government states that Zlahn's "removal order is not yet final as his BIA appeal is still pending." ECF No. 30 at 2. Therefore, *Zadvydas* has not been triggered yet.

## II. CONCLUSION

I THEREFORE ORDER that petitioner Robert Zlahn's amended petition for writ of habeas corpus **(ECF No. 21) is DENIED**.

I FURTHER ORDER that the respondents' motion to dismiss **(ECF No. 22) is GRANTED**.

I FURTHER ORDER that the respondents' motion for an extension of time **(ECF No. 29) is GRANTED**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 31st day of July, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE